IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIM. NO. AMD 04-0094 |
| | : | CIV. NO. AMD 08-1002 |
| ANDRE CARTER | : | |

...o0o...

MEMORANDUM

Movant, Andre Carter, represented by counsel, was convicted pursuant to a negotiated plea agreement to a charge of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). After his motion to suppress evidence was denied, he pled guilty and, on April 20, 2007, the court sentenced Carter to 30 months in prison, followed by two years of supervised release, and a fine of $1200 (payable during supervised release). On April 17, 2008, Carter timely filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

For the reasons set forth *infra*, the motion to vacate shall be denied on the merits, but granted insofar as Carter may wish to take a belated appeal.

I.

Carter contends that his counsel provided ineffective assistance in three respects. First, he alleges that counsel failed to argue sufficiently for a variance sentence (and, relatedly, that the court erroneously believed it lacked authority to grant a variance). Second, he contends that counsel failed to object to, or otherwise overcome, the government's decision not to make a motion for a third offense-level decrease for acceptance of responsibility. Third, his counsel failed to file a timely notice of appeal. (Carter also complained about the erroneous inclusion in the Judgment and Commitment Order of a fine of "$12,000" rather than the $1200 fine actually imposed. An Amended J&C has been entered.)

II.

To succeed in a proceeding for collateral relief under 28 U.S.C. § 2255, the petitioner must show that: (1) the sentence violated the Constitution or a federal law; (2) the court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the legal maximum; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. To ground such an attack in a claim of ineffective assistance of counsel, a petitioner must allege facts which would demonstrate if proven that his "attorney['s] performance fell below an objective standard of reasonableness and that [he] suffered prejudice as a result." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). In *Strickland v. Washington*, the Supreme Court articulated a two-part test for a claim of ineffective assistance of counsel which requires a petitioner to show (1) that his counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases"; and (2) that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The prejudice prong of the test requires the petitioner to show that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is a strong presumption that a petitioner's counsel was competent. *United States v. Cronic*, 466 U.S. 648, 658 (1984); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).

Judged by this standard, Carter has failed to overcome the presumption of competence, and thus each of his claims of ineffective assistance of counsel fail. Nor has he been prejudiced in any manner. First, the transcript of the sentencing hearing shows clearly that the court was aware of the request for a variance but simply declined to award one. The court imposed a sentence at the low end of the applicable guideline range. Notably, it indicated that, even if the next lower range had been

applied, the sentence of 30 months would nonetheless have been imposed.

Furthermore, the government permissibly declined to make a motion for a further reduction for acceptance of responsibility inasmuch as it was required to litigate the motion to suppress evidence. Thus, Carter is not entitled to relief on the above grounds.

Finally, Carter contends that he instructed his counsel to file a notice of appeal. Although the government was ordered to file a response to the motion in this case, if has overlooked its obligation to do so. The record shows clearly that, as a part of the plea agreement in this case, Carter knowingly and intelligently waived his right to appeal any sentence below guideline level 20. He was sentenced at offense level 18. Nonetheless, under the circumstances, the court will grant him a belated appeal. *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *see also Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

### III.

For the reasons set forth above, Carter's claim of ineffective counsel fails on the merits but he shall be awarded a belated appeal. An order follows.

Filed: April 20, 2009

_____
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE